Filed 10/9/13  Terrill v. Patzer CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHELLE ELIZABETH TERRILL,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JULIE PATZER,<br><br>    Defendant and Appellant. | G048256<br><br>(Super. Ct. No. 30-2013-00623295)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Michael Brenner, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Julie Patzer, in pro. per., and for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Julie Patzer appeals from a civil harassment restraining order issued upon the petition of Michelle Elizabeth Terrill. Patzer's brief is devoid of any record references, legal analysis, or citations to authority. The most we can derive from the brief is that she attacks the credibility of Terrill and Jennifer Wilson, a witness who testified in support of Terrill's petition. But it is for the trial court to determine credibility. Our task is merely to determine whether the judgment is supported by substantial evidence.

The transcript of the hearing discloses that, for over a year, Patzer resided in a "back house" on Terrill's property. Their difficulties started when Patzer quit her job; apparently because she caused some disturbance at work. The police called Terrill telling her that Patzer was acting erratically. After Terrill arrived at home, she had a conversation with Patzer which resulted in a confrontation where Patzer grabbed Terrill's arm and called her "unpleasant, four-letter names." Thereafter there were further incidents, including Patzer creating a bizarre display in Terrill's back yard.

We are satisfied there was substantial evidence supporting the issuance of the restraining order. "Under the substantial evidence standard of review, 'we must consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.] [¶] It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment.'" (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266.)

## DISPOSITION

The order is affirmed.  Appellant shall bear her own costs on appeal.

                            RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

3